Horace E. **VAIL**, Appellant,

v.

**HENRY S. MILLER COMPANY,**
Appellee.

No. 20105.

Court of Civil Appeals of Texas, Dallas.

Dec. 19, 1979.

Rehearing Denied Jan. 17, 1980.

---

5. Approved grounds for abatement are collected in 1 Tex.Jur.2d *Abatement and Revival* §§ 2–68 (1959) & (Supp.1978).

William E. Fullingim, Dallas, for appellant.

Charles Stevenson Matlock, Jr., Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellee.

Before AKIN, STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Horace E. Vail, appellant, brought this declaratory judgment action for construction of a joint venture agreement. In particular, he requested the court to declare that Henry S. Miller Company, appellee, has no authority under their joint venture agreement to sell the joint venture property without the unanimous consent of all the joint venturers. Summary judgment was granted for appellee on the grounds that the joint venture agreement is not ambiguous and that the agreement allows Henry S. Miller Company to sell the joint venture property with the consent of only 75% of the ownership interest of the joint venturers. We affirm.

Appellant entered into a joint venture with appellee, E. Gordon Perry, Jr., and Dan D. Tarbox. When appellee contracted to sell the property, the joint venturers' percentage interests were as follows:

| | |
|---|---|
| E. Gordon Perry, Jr. | 80% |
| Horace E. Vail | 10% |
| Dan Tarbox | 5% |
| Henry S. Miller Co. | 5% |

Appellee contracted to sell the joint venture property to a third party in February 1976, and obtained the consent of all the joint venturers but appellant Vail. The sale was therefore approved by 90% of the ownership interest. The trial court found that appellee had authority to sell the property with approval of 75% of ownership or more. Appellant argues that there was no evidence, and insufficient evidence, to support the finding that the joint venture property could be sold upon the approval of only 75% of the ownership interest, and contends that the court erred in finding no genuine issue of fact in the case. He also argues that the court erred in finding that the joint venture agreement was not ambiguous with respect to the percentage of ownership approval required to sell the property.

Our first consideration is whether the contract is ambiguous, which is a question of law. *Ferguson v. Seggern,* 434 S.W.2d 380, 385 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.). If we hold that the contract is not ambiguous, the court must determine the intent of the parties from the contract as a whole. Because the interpretation of an unambiguous contract is a question of law to be determined from the contract, extrinsic evidence cannot be considered by the court and no fact issue can exist. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 518 (Tex. 1968); *Myers v. Gulf Coast Mineral Management Corp.,* 361 S.W.2d 193, 196–97 (Tex.1962); *Sale v. Contran Corp.,* 486 S.W.2d 161, 165 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.).

Looking at the contract as a whole, we hold that the contract is unambiguous and that it authorizes sale of the property on approval of only 75% of the ownership interest. Article VIII of the Agreement is entitled "Management of Joint Venture Affairs." Section 8.01 under this heading reads as follows:

8.01 *Management.* Control of the Joint Venture and of all its affairs shall be in the Joint Venturers. *All decisions relating to the activities of the Joint Venture, except as may be otherwise specifically*

*provided in this agreement, shall be determined by a vote of seventy-five percent (75%) in interest, not in number, of the Joint Venturers.* [Emphasis added.]

The remaining provisions under Article VIII set out circumstances, including the improvement and development of the property, in which the unanimous consent of the joint venture is required, and provide the method whereby the venture property can be improved or developed with only 75% approval. Article IX of the agreement, "Restriction of Transfers," begins with this provision:

> 9.01 *Prohibition against Transfer.* Except as hereinafter set forth, no Joint Venturer may sell, assign, transfer, encumber or otherwise dispose of any interest in the Joint Venture or in the property or assets of the Joint Venture without the unanimous consent of all other Joint Venturers.

The remaining provisions of Article IX set out the procedure by which a joint venture may transfer "The Joint Venturer's interest in the Joint Venture and in the property of the Joint Venture." Appellant argues that the contract is ambiguous because section 8.01 requires only 75% approval for decisions relating to activities of the joint venture, "except as may be otherwise specifically provided in this agreement . . .", but that Section 9.01 then requires unanimous approval of transfers of the property. We do not agree that this renders the contract ambiguous.

It is clear that the provisions of Article IX are meant to apply only to a joint venturer's transfer of *his interest* in the venture, not to a transfer of the joint venture property. Article IX is designed to exclude outsiders from the joint venture absent the consent of the present joint venturers. The only provision of the agreement which can apply to a sale of the joint venture property is section 8.01, which requires the approval of only 75% of the ownership interest. Because we find the contract unambiguous, and interpret the contract as requiring only 75% ownership approval of this conveyance of joint venture property, the judgment of the trial court is affirmed.

Affirmed.